CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 8 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| JOHNNY F. GODFREY,<br>  Plaintiff, | ) ) ) | Civil Action No. 7:06-cv-00360 |
| v. | ) ) | **MEMORANDUM OPINION** |
| DANVILLE CITY JAIL , et. al.,<br>  Defendant(s). | ) ) ) | By: Hon. James C. Turk<br>Senior United States District Judge |

The pleadings filed together in this action as a civil rights complaint, pursuant to 42 U.S.C. § 1983, were originally filed as motions to amend and motions for interlocutory injunctive relief in Civil Action No. 7:06-cv-00187. Finding that claims raised in the new pleadings were not properly joined to the earlier action, the court directed the clerk to photocopy the pleadings and file them as this new civil action, raising plaintiff's claims that officials at the Danville City Jail are depriving him of his constitutional right to access the courts. The court then entered an order, directing Godfrey to amend this new action to name defendants and to offer specific information about the criminal proceedings against him in Danville. Godfrey has now complied by filing three documents that the court construes as motions to amend (Dkt. No. 4 in this action and Dkt. Nos. 28 and 29 in Civil Action No. 7:06-cv-00187); the amendments will be granted in part and denied in part. Upon consideration of the complaint as amended, however, the court finds that all claims alleging denial of access to courts should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted,[1] and that plaintiff's motions for interlocutory relief related to access to courts must be denied.

## I.

In his earlier pleadings in this case, Godfrey sought a court order directing officials at the Danville jail to allow him to make confidential telephone calls to federal and state authorities so that Godfrey could obtain proof of assistance he has offered to such authorities; he alleges that the trial

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Case 7:06-cv-00360-JCT-mfu   Document 5   Filed 06/28/06   Page 1 of 6   Pageid#: 23

judge in his Danville criminal proceedings ordered him to obtain such proof before his upcoming sentencing hearing on June 29, 2006. Godfrey further claims that the state court judge has "denied" him counsel and will not accept his pro se motions.

In his motions to amend, Godfrey alleges the following additional facts. In Danville, he stands charged with failing to return rental property. On the day of trial, when Godfrey complained about his court-appointed counsel, an attorney from the Public Defender's Office, James L. Cupp, the judge "removed" Cupp, but refused to appoint new counsel for Godfrey or to grant a continuance, "forcing" Godfrey to proceed to trial alone. Because Cupp had refused to file motions or investigate witnesses before the trial at Godfrey's request, Godfrey had no witnesses to present at trial. The judge asked Cupp to sit beside Godfrey during the proceeding, and Godfrey saw in the attorney's file unopened letters Godfrey had written to counsel during the trial preparation stage. On three occasions during the trial, deputies brought Godfrey doses of his strong pain medication, and this medication interfered with his ability to prosecute his defense. "After hearing prosecution only," the judge found Godfrey guilty of failing to return rental property.[2] Godfrey then asked the judge to appoint new counsel for sentencing. The judge once again appointed the Public Defender's Office to represent Godfrey, and the supervising attorney assigned Cupp to the case, despite the known conflicts he and Godfrey had had at trial. Godfrey has filed a motion to remove Cupp and the Public Defender's Office from his case and has no choice but to represent himself at sentencing.

## II.

To the extent that Godfrey adds details about his criminal proceedings, as summarized above, and to add defendants and allegations about his medical care at the Danville City Jail, the motions to amend are hereby granted. Godfrey also moves to amend the action to add James Cupp as a defendant.[3] Godfrey complains that Cupp did not conduct sufficient pretrial and presentencing

---

[2]Godfrey claims that he did not rent the property or have any legal obligation to return it. He claims that he was working with law enforcement authorities.

[3]Because Godfrey did not include a case number on this motion, the clerk docketed it as Dkt. No. 29 in Civil Action No. 7:06-cv-187. The court will direct the clerk to copy the document from

2

investigation or file appropriate motions during the criminal proceedings in Danville. Upon review of the record, the court finds that this amendment must be denied.

Godfrey cannot sue his defense attorney under § 1983. To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Defense attorneys do not act "under color of state law" when representing criminal defendants against state criminal charges. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Therefore, defense counsel are not amenable to suit under § 1983 for actions taken during their representation of a defendant. Id. This principle applies whether the attorney was privately retained, Deas v. Potts, 547 F.2d 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as public defenders, as was the attorney in the Polk case. Therefore, Godfrey's allegations that counsel did not provide effective representation in the Danville criminal case do not state claims actionable under § 1983, and the motion to amend to add Attorney Cupp as a defendant must be denied.

III.

Inmates have a guaranteed right to reasonable access to both state and federal courts and to communication with attorneys. Ex parte Hull, 312 U.S. 456 (1941); Procunier v. Martinez, 416 U.S. 396 (1974). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977) (emphasis added). Bounds did not invest inmates with an independent right to a well-stocked prison law library or legal assistance at the jail. Lewis v. Casey, 518 U.S. 343, 351 (1996). Even when an inmate prefers not to depend on the attorney the state has provided, the constitution does not require prisons to offer additional or different legal assistance at the jail. See id. at 352; Williams v. Leeke, 584 F.2d 1336, 1339 (4th Cir. 1978); Spates

---

that action and docket it in this case as a motion to amend.

v. Manson, 644 F.2d 80, 84-85 (2d Cir. 1981).

Furthermore, an indigent criminal defendant has no right to appointment of a particular defense lawyer and can demand a different attorney only for good cause shown. United States v. Gallop, 838 F.2d 105,108 (4th Cir. 1994). A defendant has a constitutional right to represent himself at a criminal trial, but the right is not absolute and may be waived if the defendant fails to invoke it before trial. Faretta v. California, 422 U.S. 806, 834 n. 46 (1975). Even if a defendant did invoke his right to represent himself before meaningful trial proceedings commenced, he has no constitutional right to reject the court's assignment of standby counsel to assist him. McKaskle v. Wiggins, 465 U.S. 168, 177-78 (1984). Most importantly, an incarcerated defendant's decision to waive appointed counsel and represent himself does not entitle him to access to a law library, as he may be required to rely on standby, court-appointed counsel to overcome any research handicaps imposed by incarceration. United States v. Chatman, 584 F.2d 1358 (4th Cir. 1978).

IV.

Under these principles, Godfrey's amended allegations clearly do not state any constitutional claim that officers at the Danville City Jail are depriving Godfrey of his right to access the courts. Godfrey wants to be able to communicate with defense witnesses personally, to contact law enforcement agencies in other states by telephone, and to file pro se legal motions. Clearly, in conjunction with the Danville criminal charges, however, Godfrey has court-appointed counsel, Mr. James Cupp, to assist him in preparing for sentencing. Even assuming that Godfrey invoked his constitutional right to represent himself at sentencing, he cannot reject the court's appointment of Cupp to assist him. Godfrey's dissatisfaction with Cupp's representation or assistance does not impose any obligation on the jail officials to provide Godfrey with any legal materials and telephone access he desires in preparing for his criminal defense. Rather, jail authorities may rightfully rely on court-appointed counsel to provide Godfrey with all the assistance he needs in trial preparation. Godfrey does not allege that jail policies or officials have interfered with his ability to communicate with his court-appointed counsel. Therefore, he alleges no claim of denial of access to courts related

4

to his Danville criminal proceedings, and the court will summarily dismiss all such claims, pursuant to § 1915A.[4]

The court also finds that Godfrey's other court access claims in this case must be dismissed. He complains that jail officials denied him "all mail rights and legal and other materials, held his mail for insufficient postage, lost or misdirected his mail on occasion, refused to provide him with the amount of free postage or free photocopies that he believed necessary for his civil actions, and would not provide him with law library access. As stated, officials rightfully relied on court-appointed counsel to provide such services related to Godfrey's criminal charges. As to his civil action, the record does not indicate that he has suffered any injury to his litigation efforts. With all the alleged handicaps, Godfrey has managed to prepare legal pleadings, mail them to the court, receive mail from the court, and respond to it. Moreover, his own submissions indicate that he will soon qualify to receive the free copies and legal postage to which indigent inmates are entitled at the jail. If in the future he is required to respond to a court order within a certain time period and needs additional time to prepare and submit his response because of limitations on paper, copies or postage, he may move for an extension of time. Based on the foregoing, the court concludes that Godfrey has not demonstrated any specific harm to his civil litigation efforts that has resulted, or is likely to result, from the limitations on free copies and postage. Therefore, he fails to state a claim under

---

[4]Godfrey's challenges to the validity of his conviction are not currently actionable under § 1983. See Heck v. Humphrey, 512 U.S. 477 (1994) (holding that a civil claim for damages that necessarily implies the invalidity of an inmate's confinement under a court judgment is not actionable as long as the judgment stands). If Godfrey could prove his allegations that he was wrongfully convicted or sentenced because of counsel's ineffective representation, the judge's refusal to appoint new counsel, or the judge's failure to find Godfrey incompetent to stand trial because of his medications, such proof would necessarily imply the invalidity of his confinement under the Danville judgment. Therefore, such claims will not be actionable in a civil rights case until the conviction and sentence are overturned or set aside. Id. Godfrey may raise these allegations during the pending sentencing hearing and subsequent state court proceedings, however. Once he has exhausted state court remedies as to such claims, he may raise them in this court in a habeas corpus action, pursuant to 28 U.S.C. § 2254. Exhaustion of state court remedies means raising these same claims in the appropriate state courts, first during the trial court proceedings and then in direct appeal or state habeas proceedings as warranted by each particular claim. Until Godfrey has raised a habeas claims to the Supreme Court of Virginia through one of these routes and received a ruling from that court, he cannot proceed with that claim in a habeas petition before this court, pursuant to § 2254.

Case 7:06-cv-00360-JCT-mfu   Document 5   Filed 06/28/06   Page 5 of 6   Pageid#: 27

<u>Casey</u>, 518 U.S. at 351-54 (requiring showing of actual injury to litigation, not mere delay or inconvenience), and all court access claims must be dismissed, pursuant to § 1915A.

Finally, as Godfrey's amended allegations fail to state any claim upon which he is entitled to relief regarding access to courts, he fails to demonstrate any likelihood of success on the merits. Therefore, his request for interlocutory injunctive relief fails. <u>See</u> <u>Wetzel v. Edwards</u>, 635 F.2d 283 (4th Cir. 1980) (stating four-factor inquiry for injunctive relief requests, including required showing of substantial likelihood on merits of claim). An appropriate order shall be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for defendants.

ENTER:  This <u>28th</u> day of June, 2006.

James C. Turk

Senior United States District Judge

6