CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 2 6 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JOHNNY F. GODFREY, ) | |
| Plaintiff, ) | Civil Action No. 7:06-cv-00360 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| DANVILLE CITY JAIL OFFICIALS, ) | |
| et al., ) | By: Hon. James C. Turk |
| Defendants. ) | Senior United States District Judge |

Plaintiff Johnny F. Godfrey, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. The court has summarily dismissed several of Godfrey's claims. By opinion and order entered August 21, 2006, the court allowed the action to go forward as to Godfrey's allegations that while he was incarcerated at the Danville City Jail ("the jail"), Dr. Wang, the jail's medical director, and an unknown nurse at the jail deprived him of adequate medical care, in violation of his constitutional rights.

Captain Stephen A. Salmon has filed a motion to dismiss, arguing that all claims against the jail's medical director should be dismissed as there is no such person. Dr. Wang has also filed a motion to dismiss. As Dr. Wang attaches copies of Godfrey's medical records from the jail and relies on these documents in his motion, the court must construe and address the motion as one seeking summary judgment. Fed. R. Civ. P. 12(b). Godfrey has responded to defendants' motions, making the matter ripe for the court's consideration. Upon review of the record, the court will grant the motion to dismiss as to the jail medical director, but will deny Dr. Wang's motion and require him to file a motion for summary judgment, supported by affidavits.[1] The court will also dismiss

---

[1] The parties are hereby advised that pursuant to Rule 83(b) of the Federal Rules of Civil Procedure and the Standing Order of the Court issued May 3, 1996, the court may order defendants

1

all claims against the unknown nurse.

The court may properly grant a motion to dismiss under Rule 12(b)(6) when, construing allegations in light most favorable to plaintiff and assuming facts alleged in the complaint to be true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In deciding a Rule 12(b)(6) motion, the court can rely only upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference. Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985).

Inasmuch as Defendant Wang has submitted evidence outside the record in support of his motion to dismiss, the court must treat the motion as a motion for summary judgment, applying the standard provided in Fed. R. Civ. Pro. 56 for summary judgment. See Rule 12(b). Summary judgment is proper where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Rule 56(c) mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict in her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

---

in a prisoner civil rights action to file a motion for summary judgment supported by affidavits.

2

## A. Dr. Wang's Motion to Dismiss

Records indicate that Godfrey was housed at the jail in Danville from on or about May 1, 2006, until his transfer to Powhatan Correctional Center on or about July 10, 2006. In its memorandum opinion entered August 12, 2006, the court summarized the procedural history of this case and Godfrey's voluminous, rambling, and much-amended allegations concerning his dissatisfaction with the medical treatment he received while incarcerated at the jail and finds no need to repeat that summary here.[2] In fulfillment of its obligations to construe liberally a pro se litigant's pleadings, the court held:

> It is clear from Godfrey's allegations that Dr. Wang examined him and prescribed some treatment for him, including numerous medications. Godfrey repeatedly alleges, however, that these defendants did not provide him with proper medication and other treatment for several serious medical conditions, including his heart conditions and his severe back and neck pain, that were known to them from Godfrey's requests for care and from his medical records. Taking these allegations in the light most favorable to the plaintiff, the court concludes that they are sufficient to state possible claims that the defendants knew of, and did not provide necessary treatment for, some of Godfrey's many medical problems. Defendants may well be able to prove on summary judgment that the jail staff provided a course of treatment for all Godfrey's medical conditions that were known to them and that Godfrey simply disagreed with this treatment, instead seeking to return to the course of treatment previously prescribed for him by other doctors. The court cannot make this finding from the existing record, however. Therefore, the court will allow the claims against the three listed defendants to go forward at this time.

---

[2] In brief, Godfrey arrived at the jail with multiple, serious medical problems and with prescriptions for numerous medications. He complained consistently to jail personnel that he was suffering chest pain, back pain, trouble breathing, and various other ills, and allegedly received little response. As only one example, he complained that for several weeks, the medical staff failed to provide him with the nitroglycerin he was taking for chest pain when he arrived at the jail. Then, on July 8, 2006, it is undisputed that he suffered some sort of cardiac episode, requiring a trip to the hospital; he alleges that inadequate treatment he had been receiving at the jail led to this attack. He also alleges that defendants failed to provide him with the medication recommended by the treating doctor at the hospital and that as a result, on July 10, 2006, during transport from the jail to Powhatan, he suffered another episode requiring emergency medical treatment.

3

(Mem. Op., 8-21-06, at 7). The court then directed the clerk to attempt service on the defendants by notice of waiver of service forms. Dr. Wang waived service and in response to the amended complaint, filed copies of medical records regarding treatment that Godfrey received while at the jail, in support of a two-and-a-half-page motion to dismiss in which counsel summarized the content of the medical records.

In face of the court's finding on August 21, 2006, that Godfrey's allegations stated possible claims under § 1983 that the defendants failed to treat some of his serious medical conditions, Dr. Wang's motion to dismiss is not well taken. The motion in combination with the attached medical records also fails as a motion for summary judgment, pursuant to Rules 12(b) and 56. The medical records are difficult to interpret, at best. The mere fact that Dr. Wang saw Godfrey seven times in three months and prescribed some treatment does not prove that the doctor was unaware of any serious medical need Godfrey had for which he failed to provide treatment. Thus, it does not establish that Godfrey has no issue on which a reasonable fact finder could return a verdict in his favor. Therefore, the court will deny Dr. Wang's motion to dismiss and direct him to file a supplemental motion for summary judgment supported by affidavit evidence, pursuant to the Standing Order of the Court issued May 3, 1996, and Rule 83(b) of the Federal Rules of Civil Procedure.

B. Medical Director's Motion to Dismiss

The motion to dismiss the jail's medical director argues that Godfrey's allegations and submissions fail to demonstrate that the jail has any administrator designated as the medical director for the facility. Review of the record supports this argument. Even in his response to the motion to dismiss the medical director, Godfrey fails to offer any allegation or evidence identifying this

4

individual. He made no attempt in his discovery requests to learn the identity of the medical director or the unknown nurse named in his surviving claims. To the extent that he attempts to impose liability on jail administrators, such as Captain Salmon, the court has already dismissed such claims on grounds that non-medical staff rightfully rely on the medical personnel at the jail to determine and provide the appropriate course of treatment for Godfrey's medical needs.[3] See Miltier v. Beorn, 896 F.2d 848, 854-55 (4th Cir. 1990) (finding that medical claim against non-medical prison officials must include showing that officials were personally involved with denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct); Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984) (same). It is clear that no set of facts exists that Godfrey could present at trial to prove that a non-existent medical director at the jail acted with deliberate indifference to his serious medical needs. Accordingly, the court will grant the motion to dismiss all claims against the "Danville Jail Medical Director."

### C. Allegations against Unknown Nurse

For similar reasons, the court will also dismiss all claims against the defendant identified only as "Unknown Nurse." Although directed to amend to identify defendants and to allege specific facts concerning actions each defendant took in violation of his rights, Godfrey's many submissions fail to meet this specificity requirement. He has had over a year, including the benefit of discovery, in which to seek the identity of this nurse and to make a clear statement of the actions the nurse took in violation of his rights. His conclusory allegations that nurses denied him all treatment, failed to

---

[3]Godfrey asserts that until his sentencing on June 29, 2006, he was a pretrial detainee. Even assuming that he could prove the truth of this assertion, the due process rights of pretrial detainees are coextensive with the Eighth Amendment rights of convicted prisoners regarding medical treatment while incarcerated. See Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992).

5

let him see a doctor, failed to order medical records, and failed to provide him with prescribed medications are simply too conclusory and vague to state actionable claims against anyone under § 1983, particularly when his own submissions indicate that he received several medications and saw the doctor several times. Although given many opportunities, Godfrey failed to allege facts concerning how or when any specific nurse(s) denied him specific treatment for any specific ailment. Accordingly, the court will dismiss all allegations against "Unknown Nurse" without prejudice, pursuant to § 1915A(b)(1). An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 26th day of July, 2007.

*James C. Turk*
Senior United States District Judge