CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 17 2007

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHNNY F. GODFREY, ) | |
|     Plaintiff, ) | Civil Action No. 7:06-cv-00360 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DANVILLE CITY JAIL OFFICIALS, ) | |
| et al., ) | By: Hon. James C. Turk |
|     Defendants. ) | Senior United States District Judge |

Plaintiff Johnny F. Godfrey ("Godfrey"), a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. The court has summarily dismissed several of Godfrey's claims. By opinion and order entered August 21, 2006, the court allowed the action to go forward as to Godfrey's allegations that while he was incarcerated at the Danville City Jail ("the jail"), Dr. Wang, the jail's medical director, and an unknown nurse at the jail deprived him of adequate medical care, in violation of his constitutional rights. By order entered July 26, 2007, the court granted a motion to dismiss all claims against the "Danville Jail Medical Director" and the "unknown nurse." The court denied Dr. Wang's motion to dismiss and directed him to file a supplemental motion for summary judgment supported by affidavit evidence, pursuant to the Standing Order of the Court issued May 3, 1996, and Rule 83(b) of the Federal Rules of Civil Procedure. Dr. Wang filed his motion for summary judgment on August 14, 2007, and Godfrey has filed a timely response, making the matter ripe for consideration. Upon review of the record, the court will grant the motion for summary judgment.

I.

Summary judgment is proper where there is no genuine issue as to any material fact, and the

1

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Rule 56(c) mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## II.

Records indicate that Godfrey was housed at the jail in Danville from on or about May 1, 2006, until his transfer to Powhatan Correctional Center on or about July 10, 2006. In its memorandum opinion entered August 12, 2006, the court summarized the procedural history of this case and Godfrey's voluminous, rambling, and much-amended allegations concerning his dissatisfaction with the medical treatment he received while incarcerated at the jail and finds no need to repeat that summary here. Essentially, Godfrey alleges that he arrived at the jail with multiple, serious medical problems and with prescriptions for numerous medications. He complained consistently to jail personnel that he was suffering chest pain, back pain, breathing problems, and various other ills, and allegedly received little response. Then, on July 8, 2006, it is undisputed that he suffered some sort of cardiac episode, requiring a trip to the hospital; he alleges that the inadequate treatment he had been receiving at the jail led to this attack. He also alleges that Dr. Wang failed to provide him with the medication recommended by the treating doctor at the hospital

2

and that as a result, on July 10, 2006, during transport from the jail to Powhatan, he suffered another episode requiring emergency medical treatment.

Dr. Wang contends that he is entitled to summary judgment as Godfrey's claims amount to nothing more than a medical disagreement between an inmate and a physician. Dr. Wang's declaration, based on jail medical records, indicates that Godfrey was assessed by a nurse at his initial screening on May 1, 2006. Dr. Wang explains that the jail employs nurses who are on duty 24 hours a day. These nurses assess a patient to determine if he needs to be seen by a physician and if his need is emergent. Godfrey had no complaints at his initial screening and no obvious injury or illness. Godfrey was taking Nitroglycerin, Aspirin, Analapril, Malea Doxazosin, and Lovastin at that time and had a past history, by his report, of spinal disease, asthma, lung cancer, COPD, and kidney disease. Dr. Wang reviewed and approved the intake physical on May 2, 2006, and requested that Godfrey be continued on his admission medications.

Dr. Wang examined Godfrey on May 8, 2006, due to complaints of chest and back pain. Dr. Wang prescribed Tramadol for Godfrey's back pain and assessed his chest pain as musculoskeletal. As Godfrey's oxygenation was good, Dr. Wang determined that his chest pain did not appear to be cardiac in origin. Dr. Wang also requested Godrey's medical records from his previous place of incarceration on that date. After reviewing Godfrey's records and medical tests, Dr. Wang, in his medical judgment, believed that Godfrey was receiving appropriate medication for his chronic diseases.

On May 15, 2006, Godfrey filed a medical request form complaining of chest pain and pain in other areas. Dr. Wang was contacted by a nurse and advised of these complaints on May 20, 2006. In response, Dr. Wang increased Godfrey's pain medication but, based on the report of the

3

nurse, still assessed his pain as non-cardiac in origin. On May 26, 2006, the prisoner complained again of severe pain and blackouts. These complaints were assessed as non-emergent by the nurse on duty and, accordingly, Dr. Wang was not aware of these complaint and did not examine Godfrey at that time. On June 2, 2006, Godfrey requested an examination concerning his kidney problems. When Dr. Wang examined Godfrey on June 5, 2006, Godfrey made complaints about back pain, but there was no mention of chest pain. Dr. Wang decided to treat Godfrey "conservatively" with Ibuprofen for two weeks and to obtain a neurology consult if the symptoms persisted. Godfrey had negative findings on Dr. Wang's neurological exam and, therefore, Dr. Wang determined that Godfrey's condition was not emergent.

On June 12, 2006, Godfrey complained of urination problems. Accordingly, Dr. Wang ordered cultures but the cultures came back negative. On June 20, 2006, Godfrey complained to the on-duty nurse of chest pain, knee pain, and numbness. Godfrey was examined by Dr. Wang and informed Dr. Wang that he was unable to close his left hand and that his left knee hurt. His vital signs were stable, but Dr. Wang perceived him as anxious and in pain. Accordingly, in addition to Godfrey's other medications, Dr. Wang prescribed Flexeril and Trazadone for pain control and anxiety.

On June 25, 2006, Godfrey complained in a medical request form that he was still suffering extremely with his neurological and orthopedic conditions and that he suspected that he was having reactions to his medications. The nurse's notes indicate that Godfrey was shaking and was very nervous. He also verbally complained of chest pain. This request was not called to Dr. Wang's attention by the nurses and he, therefore, did not examine Godfrey at that time. On July 8, 2006, Godfrey collapsed and was promptly transported to the Danville Regional Medical Center by request

4

of the nursing staff. Dr. Wang alleges that he is unaware of any further events relative to Godfrey.

## III.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. See Farmer, 511 U.S. at 832-35; Sosebee v. Murphy, 797 F.2d 179, 182-83 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291, 1296-97 (4th Cir. 1978). To bring a constitutional claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with a prison doctor's treatment, or tacitly authorized or were indifferent to the prison physician's misconduct. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990).

Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Claims regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Additionally, an inmate is not entitled to unqualified access to health care; the right to medical treatment is limited to that

5

treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).

Applying these principles, and taking Godfrey's allegations in the light most favorable to him, the court concludes that they are insufficient to state possible claims under § 1983. Nothing in Godfrey's complaint supports the contention that Dr. Wang acted with deliberate indifference with regard to Godfrey's medical treatment. Dr. Wang was aware of and responded adequately to Godfrey's medical conditions. Dr. Wang continued to prescribe Godfrey all of the medications prescribed by his previous physician. Moreover, Dr. Wang ordered and reviewed Godfrey's past medical records to determine whether any additional treatment was warranted. Furthermore, Godfrey was examined by Dr. Wang on numerous occasions and Dr. Wang consistently provided medication and treatment or ordered testing in response to Godfrey's complaints within a reasonable time period. Thus, it is clear that Godfrey has received prompt, thorough, and continuing treatment for his medical complaints. Although Godfrey may be dissatisfied with Dr. Wang's diagnosis method or prescribed treatment plan, these complaints amount to nothing more than disagreements between medical staff and an inmate as to proper diagnostic methods and a course of treatment, which are not actionable under the Eighth Amendment. Finally, to the extent that Godfrey believes that Dr. Wang failed to recognize or treat his medical needs, such disagreement does not rise to the level of a federal constitutional violation. Rather, such a claim would arise, if at all, under state medical malpractice laws and does not present a colorable claim under § 1983. See Estelle, 429 U.S. at 105-06.[1]

---

[1] The court also notes that any allegation concerning a lack of medical care while in transit to Powhatan Correctional Center necessarily fails as Godfrey alleges no personal involvement by Dr. Wang and names no other possible defendants.

6

## IV.

For the stated reasons, the court finds that there is no genuine issue of material fact. Accordingly, defendant's motion for summary judgment will be granted. An appropriate Order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within thirty days of the date of entry of this Memorandum Opinion, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for the defendant.

ENTER: This 17th day of October, 2007.

/s/ James C. Turk
Senior United States District Judge